UNITED STATES of America

v.

Preston BOYD.

Crim. No. 71–47.

United States District Court,
W. D. Pennsylvania.

Sept. 8, 1977.

Blair A. Griffith, U.S. Atty., Pittsburgh, Pa., for respondent.

Preston Boyd, pro se.

## OPINION

MARSH, District Judge.

Petitioner Preston Boyd who is serving a federal prison term for bank robbery has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 alleging a violation of the Interstate Agreement on Detainers Act, 18 U.S.C.App. Boyd asserts that the Act was violated in March, 1971 when Boyd was removed from state custody, brought to the federal court to answer to a bank robbery indictment, and then returned to state custody without a trial being held.

The record before the court reveals the following facts:

On March 6, 1971, at about 12:20 p.m., the First National Bank of Avonmore was robbed by a man carrying an automatic pistol who fled the scene in a red compact car. At approximately 1 p.m., a state policeman observed a red compact car about 25 miles from the scene of the robbery. The trooper saw the car turn from the highway and drive down a dead-end road. When two state policemen proceeded down the same dead-end road, they found the red car stranded in the mud and snow. The troopers followed a set of footprints leading from the car to a crane on the other side of a six-foot fence. Preston Boyd was discovered hiding in the motor compartment of the crane sitting on top of a plastic bag. A search revealed that the plastic bag contained the proceeds of the bank robbery and that defendant's overcoat held an automatic pistol. Boyd was taken to the State Regional Correctional Facility No. 5 in Greens-

burg, Pennsylvania, within the Western District of Pennsylvania.

At the time of his arrest, Boyd was free on bond pending appeal of a state court conviction for burglary.[1]

State authorities filed a complaint on March 18, 1971, charging Boyd with the robbery of the Avonmore bank. On March 25, 1971, pursuant to a Writ of Habeas Corpus Ad Prosequendum, Boyd was brought to the federal court in Pittsburgh to answer the federal indictment (Criminal No. 71–47) which had been filed March 11 concerning the same bank robbery. Boyd was then returned to the Greensburg facility without a trial having been held. On April 5, Boyd was indicted on the state bank robbery charges. Bond was set at $50,000, but was reduced to $25,000.

On April 20, 1971, Boyd was brought to federal court, again pursuant to a Writ of Habeas Corpus Ad Prosequendum, for trial on the bank robbery charges. Following a three-day trial, the jury returned a verdict of guilty. On May 26, 1971, Boyd was sentenced to prison for 21 years. He subsequently filed an unsuccessful application for release from custody pending appeal. The Court of Appeals affirmed Boyd's conviction on April 10, 1972. The state bank robbery indictment was then nol-prossed on June 21, 1972.

In July 1975, Boyd was paroled from the state sentence imposed on the burglary conviction (O & T No. 35, September 1968) and he subsequently began serving the federal bank robbery sentence.

Petitioner Boyd bases his motion to vacate on the decision in *United States v. Sorrell*, 413 F.Supp. 138 (E.D.Pa. 1976), affirmed on rehearing 562 F.2d 227 (3rd Cir. 1977). In *Sorrell* and in *United States ex rel. Esola v. Groomes*, 520 F.2d 830 (3rd Cir. 1975), the Court of Appeals has held that a Writ of Habeas Corpus Ad Prosequendum may be a detainer within the

meaning of that word as used in the Interstate Agreement on Detainers Act:

"The word 'detainer,' as it is used in the Agreement, is 'a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' See Senate Report 91–1356, 91st Cong., 2d Sess., 2 U.S. Code Cong. & Admin. News, 1970, p. 4865. This definition of a detainer from the Senate Report finds support in other legislative history of the Agreement and is consistent with the purposes of the Agreement."

520 F.2d at 838.

■■■ Under this definition, the writ at issue here appears not to be a detainer because petitioner was not "serving a sentence" at the time the writ issued. Although petitioner was being held in a state facility, and although he later may have been given credit for that time in custody, it appears that he was being held as a pretrial detainee who had been unable to make bail on the pending bank robbery charges. *See United States v. Roberts*, 548 F.2d 665, 669–671 (6th Cir. 1977). However, even if we accept petitioner's claim that by virtue of his arrest for bank robbery on March 6, he had begun serving the sentence imposed for his previous state conviction and thereby had entered into a rehabilitation program which was interrupted when the federal detainer was executed on March 25, 1971, we are not convinced that the *Sorrell* interpretation of the Detainers Act is to be applied retroactively.

In *Sorrell*, the majority opinion states: "Since this issue involves statutory interpretation of Congressional wording designed to require speedy criminal trials, there seems little justification for retroactive application of the statutory construction ultimately adopted, through collateral attack, where the defendant-pris-

---

1. Boyd had been convicted of burglary on May 19, 1969 (Allegheny County, O & T No. 35, September 1968) and had received a six to fifteen year sentence. His appeal to the Su-

preme Court of Pennsylvania was denied on October 26, 1971 (Miscellaneous Docket No. 3402A).

oner has not requested a speedy trial prior to the trial."

562 F.2d at 231.

Petitioner Boyd made no such motion for a speedy trial. He was tried on the bank robbery charges only 40 days after the filing of the federal indictment and only 45 days after his arrest on the date of the bank robbery. The purposes of the Detainers Act, as expressed in Article I, were adequately served.

The issue of retroactivity was not before the court in *Sorrell*, and we recognize that an argument may be made in favor of retroactivity.[2] Nevertheless, we believe that the *Sorrell* interpretation of the Detainers Act had not been foreshadowed at the time of petitioner's trial. Furthermore, the integrity of the truth-determining process at petitioner's trial was not infected to even the slightest degree by the practice which now has been condemned by the *Sorrell* interpretation of the Act. This court declines to apply *Sorrell* retroactively in this case. Petitioner's motion to vacate will be denied.

An appropriate order will be entered.

**2.** See dissenting opinion of Judge Garth filed in *Sorrell* and *United States v. Thompson,* 562 F.2d 232, 239 n. 1 (3rd Cir. 1977).